UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCCARTHY,<br><br>    Plaintiff,<br><br>    v.<br><br>CHAN B. LUONG; KIMPHI T LE; MODERN DRUG, INC.; AND DOES 1 through 10, inclusive,<br><br>    Defendants. | 1:16-cv-01172-LJO-BAM<br><br>**MEMORANDUM DECISION AND ORDER GRANTING DEEFENDANTS' MOTION TO DISMISS (Doc. 6)** |

## I. INTRODUCTION

Plaintiff Robert McCarthy ("Plaintiff" or "McCarthy") brings this action against Defendants Chan B. Luong, Kimphi T. Le, Modern Drug, Inc., and Does 1 through 10 (collectively, "Defendants"). Plaintiff alleges that he faced discrimination on the basis of his disabilities while attempting to patronize Defendants' drug store.

Plaintiff brings a federal cause of action pursuant to the Americans with Disabilities Act ("ADA"), as well as state law claims under the Unruh Act. Now before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This matter is suitable for disposition without oral argument. *See* Local Rule 230(g).

1

## II. BACKGROUND

**A.     Factual Allegations**

Plaintiff Robert McCarthy suffers from physical impairments stemming from the polio virus, which he contracted in childhood. (First Amended Complaint ("FAC") ¶ 9, ECF No. 9.) He is unable to walk any distance, suffers limited range of motion in his upper body and arms, and has a limited ability to grasp objects tightly. (*Id.*) Plaintiff operates a wheelchair for mobility. (*Id.*) He also has substantial impaired vision due to retina problems in both eyes. (*Id.*)

On April 29, 2016, Plaintiff and his companion went to Defendants' drug store, called Modern Drug, located at 3044 Tulare Street in Fresno, California. (*Id.* ¶ 10.) There was one disabled parking space located behind Modern Drug. (*Id.* ¶ 11.) The space was not properly dimensioned and did not provide the required access aisle. (*Id.*) Furthermore, the space did not have international symbol of accessibility signage, tow-away signage, or $250 minimum fine signage as required by law. (*Id.*) The parking surface was downward sloped left to right exceeding the maximum allowed slope. (*Id.*) As a result, the property failed to provide the required disabled parking space. (*Id.*) Furthermore, there was no marked path of travel from the parking lot to the facility's entrance. (*Id.*) The double doors to enter the building were glass in a metal frame with a low bottom rail and no international symbol of accessibility signage. (*Id.*) Each door was approximately 25 ½ inches wide, smaller than the required width. (*Id.*) The push rims on Plaintiff's wheelchair scraped against the metal as he passed through the open door. (*Id.*) The entrance door did not provide the required smooth surface along the bottom edge of the entrance door. (*Id.*)

Plaintiff alleges that Defendants had actual knowledge that the architectural barriers precluded wheelchair access and that the noncompliance with ADA and California Building Code regulations was intentional. (*Id.* ¶ 12.) Plaintiff further alleges that he travels frequently in the area to visit with family and friends and plans to return to the location in August 2017, if not before. (*Id.* ¶ 14.)

//

2

**B.      Procedural Background**

Plaintiffs filed the original complaint ("OC") on August 9, 2016 in this Court. (ECF No. 1.) On October 17, 2016, Defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. (ECF No. 6.) On November 2, 2016, Plaintiff filed both an opposition to Plaintiff's motion (ECF No. 10), and the FAC (ECF No. 9.). Defendant filed a reply on November 8, 2016, which addressed the changes in the FAC. (ECF No. 11.)

The OC and the FAC both set forth one cause of action for discriminatory practices in public accommodations under the ADA, pursuant to 42 U.S.C § 12182(a) *et seq.*, and one state law cause of action under the Unruh Act, California Civil Codes 51, 52, 54, 54.1, and 54.3. The first cause of action contains twelve individual claims (Claims I–XII).

## III. AMENDED COMPLAINT

Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . , whichever is earlier." Here, Plaintiff filed an amended complaint on November 2, 2016, less than 21 days after service of Defendants' Rule 12(b) motion. (First Amended Complaint ("FAC"), ECF No. 9.) Because this is Plaintiff's first amended pleading, and he filed the amended pleading less than 21 days after Defendant's Rule 12(b) motion, he may amend as a matter of right under Rule 15(a)(1). Once filed, the amended complaint supersedes the original complaint in its entirety. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

Generally, a defendants' motion addressing the original complaint becomes moot once the amended complaint is filed. *Earls v. City of Clovis*, No. CVF060305 AWI SMS, 2006 WL 1222696, at *1 (E.D. Cal. May 4, 2006). However, to the extent that the issues raised in the original motion to dismiss are not mooted by the amended complaint, the Court can consider them. *Fitzgerald v. Ariz.*, No.

3

CIV. 96-2077-PHX-SMM, 1997 WL 579193, at *3 (D. Ariz. July 9, 1997), *aff'd sub nom. Fitzgerald v. Ariz.*, 133 F.3d 926 (9th Cir. 1997) ("the Court may exercise its discretion to consider a motion to dismiss the original complaint where the amended complaint fails to cure the defects of the original complaint."); *RLI Ins. Co. v. R & L Brosamer, Inc.*, No. S-05-2238 WBSGGH, 2006 WL 194109, at *1 n.2 (E.D. Cal. Jan. 18, 2006) (same); *Appleton v. Cty. of Sacramento*, No. CIV. S-05-1685WBSKJM, 2005 WL 3555470, at *5 (E.D. Cal. Dec. 23, 2005) (same); *Allen v. White*, No. CIVS-04-0622FCDGGHP, 2005 WL 1836933, at *1 (E.D. Cal. July 29, 2005) (same), *report and recommendation adopted*, No. S040622FCDGGHP, 2005 WL 2334678 (E.D. Cal. Sept. 22, 2005), *aff'd*, 246 F. App'x 447 (9th Cir. 2007). As Defendants note in their reply brief (ECF No. 11), the FAC does not resolve the two main issues Defendants raised in their motion to dismiss the OC: (1) that Claims IX–XII are moot and (2) that Claims I–VIII fail to state a claim upon which relief can be granted. Therefore, the court will consider Defendants' arguments.

## IV. STANDARD OF DECISION

**A.    Rule 12(b)(1)**

A motion to dismiss for lack of subject matter jurisdiction determines whether the plaintiff has a right to be in federal court, whereas a motion to dismiss for failure to state a claim questions whether a cognizable legal claim has been stated. *Tr. of Screen Actors Guild–Producers Pension & Health Plans v. NYCA, Inc.*, 572 F.3d 771, 775 (9th Cir. 2009) (quoting 5B Wright & Miller, Federal Practice and Procedure § 1350 (3d ed. 2004)). A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981).

4

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (internal citations omitted); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 890-892 (3rd Cir. 1977); *Exchange Nat'l Bank v. Touche Ross & Co.*, 544 F.2d 1126, 1130-1131 (2nd Cir. 1976)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). A proper speaking motion allows the court to consider evidence outside the complaint without converting the motion into a summary judgment motion. *See Safe Air*, 373 F.3d at 1039. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage,* 343 F.3d at 1039-40, n.2. In a speaking motion, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039. Few procedural limitations exist in a factual challenge to a complaint's jurisdictional allegations. *St. Clair v. City of Chico*, 880 F.2d 199, 200-02 (9th Cir. 1989).

The court may permit discovery before allowing the plaintiff to demonstrate the requisite jurisdictional facts. *Id.* A court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are separable from the merits. *Rosales v. United States*, 824 F.2d 799, 802-803 (9th Cir. 1987). However, if the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent

on factual issues going to the merits, the court should dismiss for lack of jurisdiction only if the material facts are not in dispute and the moving party is entitled to prevail as a matter of law. Otherwise, the intertwined facts must be resolved by the trier of fact. *Id.*

**B.    Rule 12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it

is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim.

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## V. DISCUSSION

**A.**     **Claims IX–XII: Mootness**

In Claims IX–XII of the first cause of action, Plaintiff identifies the following physical and construction-related barriers to access at Modern Drug that violated the ADA: (1) failure to provide adequate disabled parking; (2) failure to provide disabled parking signage and directional signage; (3) failure to provide the required disabled parking access aisle; (4) failure to provide an accessible exterior path of travel from parking to the facility entrance; (5) facility entrance doorway too narrow to enter; and (6) failure to provide a smooth surface along the bottom edge of the door to allow a person in a wheelchair to push open the door. (FAC ¶¶ 30-38; ECF No. 10 at 11.) Defendants argue that, because Defendants have voluntarily modified the property to address each of these alleged violations, Plaintiff's claim for injunctive relief is moot and the Court lacks subject matter jurisdiction over the claims. Defendants filed the declaration of a Certified Access Specialist ("CASp"), Christopher Preciado, to support their contention that Plaintiff's ADA claims regarding physical or construction-related barriers are moot. (ECF No. 6-3.) Mr. Preciado states, on the basis of his personal inspection of the property, that

7

all of the alleged ADA defects have been cured and that the property is in compliance with the ADA and California law. (*Id.*) Furthermore, Defendants offer a declaration by Jose Perez, Jr., who directed and supervised modifications to the parking area and marked the path or travel from the parking lot to the entrance of Modern Drug. (ECF No. 6-4.)[1]

A disabled individual is entitled to a private right of action under the ADA for injunctive relief for removal of noncompliant architectural barriers to make a facility "readily accessible." 42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(a)-(b). A private litigant is limited to injunctive relief and in other words, "is not entitled to recover compensatory or punitive damages on such claim." *Dodson v. Joseph Esperanca, Jr., LLC*, No. 2:12–cv–02132–TLN–EFB, 2013 WL 6328274, at *2 (E.D. Cal. Dec. 4, 2013).

This limitation on available remedies in the ADA means that if a defendant voluntarily removes the alleged barriers, a plaintiff's ADA claim may be mooted. *Gray v. Cty. of Kern*, No. 1:14–CV–00204–LJO–JLT , 2015 WL 7352302 (E.D. Cal. Nov. 19, 2015); *see also Johnson v. Cal. Welding Supply, Inc.*, 2011 WL 5118599, at *3 (E.D. Cal. Oct. 27, 2011) ("Once a defendant has remedied all ADA violations complained of by a plaintiff, the plaintiff's claims become moot and he or she loses standing, meaning the court no longer has subject matter jurisdiction over the ADA claims") (citing *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005)).

If a court determines that a case is moot, the court no longer has jurisdiction over the controversy. U.S. Const. art. III, § 2 (limiting jurisdiction of federal courts to actions where there exists an actual case or controversy); *Sample v. Johnson*, 771 F.2d 1335, 1338 (9th Cir. 1985) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies") (citing *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 72-73 (1983)). A

---

[1] Plaintiff contends that the Court cannot consider Mr. Preciado or Mr. Perez's declarations at the motion to dismiss stage. "As discussed above in connection with the standard of decision applicable to Fed. R. Civ. P. 12(b)(1) speaking motions, plaintiff is incorrect as a matter of law."

defendant's "[v]oluntary cessation of challenged conduct moots a case, however, only if it is '*absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000) (emphasis in original) (internal citations omitted).

As noted, the Court can consider extrinsic evidence in connection with a Rule 12(b)(1) motion. *Safe Air*, 373 F.3d at 1039; *see also Jinkins v. Props.*, No. 8:15-CV-00670-ODW-SS, 2016 WL 3344374, at *1-2 (C.D. Cal. June 8, 2016) (dismissing complaint pursuant to Rule 12(b)(1) where expert declaration supported defendants contention that plaintiffs' ADA claim was mooted by subsequent modifications to the property). Here, Defendants offer uncontroverted evidence that that they made material changes to the physical features of the property and that the property is now in compliance with the applicable standards under the ADA. *See Norkunas v. Tar Heel Capital Wendy's LLC*, No. 5:09–cv–00116, 2011 WL 2940722, at *3 (W.D.N.C. July 19, 2009) ("[f]ederal courts have dismissed ADA claims as moot when the alleged violations have been remedied after the initial filing of a suit seeking injunctive relief"); *Grove*, 407 F. Supp. 2d at 1130-31 (holding that the installation of grab rails by a restaurant rendered moot plaintiff's ADA complaint requesting installation of such rails); *Nat'l Alliance for Accessability, Inc. v. Walgreen Co.*, No. 3:10-CV-780-J-32-TEM, 2011 WL 5975809, at *3 (M.D. Fla. Nov. 28, 2011) (structural changes to facility mooted plaintiffs' ADA claims). Specifically, Defendants removed and replaced the concrete in the designated path of travel at Modern Drug and placed blue paint along the portion of the concrete to designate the path of travel. (ECF No. 6-4.) The path does not exceed the applicable slope limits pursuant to 2013 CBC 11B-206.2. Furthermore, Defendants' expert, a CASp licensed by the State of California, states in his declaration that the applicable standards under the ADA and 2013 California Building Code were met with respect to each of the following alleged physical barriers: (1) the designated disabled parking exceeded the minimum size requirement; (2) the designated access aisle exceeded the minimum size requirements; (3) the designated parking area was striped and marked; (4) there was an international symbol of accessibility located on the ground in the space; (5) the parking space had the requisite accessible parking signage

mounted on a fence in front of the disabled parking space; (6) the slope of the parking space did not exceed the maximum slope requirements; (7) the path from the parking space to the front entrance was clearly marked and did not exceed the maximum slope allowed; (8) the front entrance met the applicable minimum size requirements; and (9) the front door included a smooth plate. (ECF No. 6-3 ¶ 5.) According to defendants' expert, each of the allegedly violative physical barriers to access has been remedied and is now in compliance with the ADA. (*Id.*)

Defendants' physical alterations to the property cannot easily be undone and are therefore unlikely to revert to their former, non-compliant state. *Gray*, 2015 WL 7352302, at *13-14 (physical alterations to public restrooms were "exactly the kind of physical alterations which courts interpret as unlikely to revert to their former state because, once taken, these physical changes cannot be easily undone"); *Wilson v. Pier 1 Imports (US), Inc.*, 439 F. Supp. 2d 1054, 1069 (E.D. Cal. 2006) (finding that plaintiff's ADA claim for injunctive relief was moot because the defendant had remedied the physical characteristics of the accessible parking spaces, the slope of the spaces, and the absence of signage); *Kohler v. In–N–Out Burgers,* No. CV 12–5054–GHK (JEMx), 2013 WL 5315443, at *7 (C.D. Cal. Sept. 12, 2013) (holding that plaintiff's ADA claim for injunctive relief was moot, reasoning that the defendant had remedied physical problems with the stall, grab bar, a mounted paper towel dispenser, and the exit door).

Plaintiff offers no evidence regarding the current state of the premises in question. Because Defendants have offered unrefuted evidence that they removed physical barriers to access (Claims IX–XII), Plaintiff has not met his burden of showing that this Court has subject-matter jurisdiction over these claims. *Thompson*, 99 F.3d at 353; *see also Spencer Enters., Inc. v. United States*, 229 F. Supp. 2d 1025, 1031 (E.D. Cal. 2001), *aff'd*, 345 F.3d 683 (9th Cir. 2003) (noting that once defendant presents evidence that the court lacks subject matter jurisdiction, "it then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction" (internal quotation marks and

citations omitted)).[2]

Plaintiff's claim for injunctive relief is moot, and therefore fails to present a justiciable controversy under Article 3 of the Constitution. The Court GRANTS WITH LEAVE TO AMEND Defendants' motion to dismiss Claims IX–XII in the first cause of action.

## B. Failure to State a Claim

### 1. Claims I–V

Plaintiff brings Claims I–V alleging that Defendants' "advertising accommodations" prevented him from participating in and benefitting from Defendants' business because "said advertising failed to delineate what features of the property are physically accessible and what services are accessible." (FAC ¶ 22; *see also id.* ¶¶ 23-26.) Although Plaintiff has removed references to websites and web users in the FAC, the allegations in the FAC are substantially similar to the OC. (FAC ¶¶ 22-26; OC ¶¶ 21-25.) The crux of the allegations in both complaints is that Defendants' advertising (whether on the web or elsewhere) violated Plaintiff's rights under the ADA.

Defendant contends that Claims I–V fail to state a claim upon which relief can be granted. The Court agrees. Plaintiff has not cited any facts regarding the allegedly inadequate "advertising accommodations" that violated Plaintiff's rights under the ADA. *Iqbal*, 556 U.S. at 678 ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks and citations omitted). The FAC does not explain to which advertising

---

[2] Citing *Roberts v. Corruthers*, 812 F.2d 1173, 1177-78 (9th Cir. 1987), Plaintiff contends in his opposition brief that the Court cannot address mootness at this time because the determination of whether the court has subject matter jurisdiction is too intertwined with the underlying merits of the case. *Id.* ("A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of the factual issues going to the merits.'" (internal citations omitted)). The intertwinement doctrine does not apply here because there are no "*genuinely* disputed facts." *Id.* (emphasis added). Here, Defendants set forth facts to show that they made material changes to the property that moot Plaintiff's claims. Plaintiff has not set forth any facts to controvert the facts set forth by Defendants. The bare assertion that, "McCarthy herein disputes all the alleged facts put forth by [Defendants]" is insufficient. (ECF No. 10 at 4.) Plaintiff bears the burden of showing that this Court has jurisdiction to hear his claims. *Spencer Enters., Inc.*, 229 F. Supp. 2d at 1031 ("No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims" (quoting *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1557-58 (9th Cir. 1987)). He has not done so. Furthermore, courts in this district have dismissed ADA complaints as moot on similar facts. *See Wilson*, 439 F. Supp. at 1069.

11

it is referring, does not make any allegations regarding the content of that advertising, nor does it explain when or how Plaintiff accessed that advertising. Such cursory allegations are insufficient to sustain a challenge under Rule 12(b)(6). *Id.*

Moreover, Plaintiff points to no authority, and this Court has found none, for the proposition that Defendants have a legal duty to provide information regarding disability access at their physical location on their website or in any other form of advertising. Therefore, Plaintiff's claim fails as a matter of law. Defendants' motion to dismiss Claims I–V in the first cause of action is GRANTED WITH LEAVE TO AMEND.

### 2. Claim VI

Plaintiff brings a claim for violating 42 U.S.C. § 12182(b)(2)(A)(i), which prohibits "the imposition of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered." (FAC ¶ 27.) Plaintiff claims that "based on the facts plead . . . above and elsewhere, Defendants violated this provision." (*Id.*) Defendants argue that Claim VI should be dismissed under 12(b)(6) because it is "unintelligible" and fails to state a claim. (ECF No. 6-2 at 5-6; ECF No. 11 at 5.)

The Court agrees with Defendants. First, the FAC does not identify any alleged "eligibility criteria," policy, or practice used by Defendants to "screen out" individuals with disabilities. Second, the FAC does not refer to any specific facts to explain how Defendants allegedly screened out Plaintiff because of his disabilities. Assuming, as Defendants do, that Plaintiff is alleging that small print inside and outside the store denied Plaintiff equal access to goods and services, Plaintiff has not alleged any specific facts to support this claim. Vague and conclusory allegations are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

Plaintiff has not pointed to any authority for the proposition that physical barriers to access (such

as small print) can support an allegation that a policy or eligibility criteria screened out individuals with disabilities. On the contrary, case law surrounding the screen out provision tends to suggest that the complaint must identify a policy or criteria, not just the existence of a physical barrier. *See Emery v. Caravan of Dreams, Inc.*, 879 F. Supp. 640, 643-44 (N.D. Tex. 1995) ("'Criteria' . . . implies the necessity of making a judgment, and because judging is necessarily an active rather than a passive endeavor, the Court views [42 U.S.C. § 12182(b)(2)(A)(i)] as applying only to those rules or policies that are or could be used to make a specific or conscious decision as to whether or not to permit an individual or individuals to have access to goods, services, facilities, privileges, advantages, or accommodations"). Examples of cases where courts have found that a person was "screened out" on the basis of disability include: the Professional Golf Association's policy banning the use of golf carts in competition, *PGA Tour, Inc. v. Martin*, 532 U.S. 661 (2001), and the NCAA's policy requiring that student-athletes maintain a course load equivalent to the general student body during the normal school year, *Matthews v. NCAA*, 179 F. Supp. 2d 1209, 1226-27 (E.D. Wash. 2001). It is unclear how the facts alleged in the FAC would support a claim that Defendants maintained a policy that screened out disabled patrons. Defendants' motion to dismiss Claim VI in the first cause of action is GRANTED WITH LEAVE TO AMEND.

### 3. Claims VII & VIII

In the FAC, Plaintiff alleges that, "Plaintiff McCarthy has vision problems and none of Defendants [sic] notices were offered in large print," (FAC ¶ 28), and that "Defendants failed to provide signage in large print necessary for Plaintiff to access Defendants [sic] goods and services" (*id.* ¶ 29). Defendants contend that Plaintiff's claims with respect to auxiliary aids (*id.* ¶ 28) and communication barriers (*id.* ¶ 29) are moot because "the parking sign mounted in the parking lot currently meets all of the current federal and state construction standards." (ECF No. 11 at 5.) Defendants also allege that Claims VII and VIII fail to state a claim and should be dismissed pursuant to Rule 12(b)(6). (ECF No. 6-2 at 4-5.)

To the extent that the FAC alleges that the signage related to disabled parking is not large enough, the Court agrees that Plaintiff's claim is moot because any alleged defects have been remedied, and thus the court lacks subject matter jurisdiction. *See*, *supra*, at V, section A.

However, it's not clear that Plaintiff's claim regarding print not being large enough is limited to signage in the parking lot. (FAC ¶ 28-29.) The FAC only refers to the print size in signage generally. (*Id.*) However, to the extent that the allegation that the print was not large enough applies to signage other than the disabled parking signage, it is not sufficiently supported by factual allegations in the FAC. The FAC only alleges *facts* regarding signage in the parking lot. (*See id.*) Plaintiff's vague allegations that "none of Defendants [sic] notices were offered in large print" and "Defendants failed to provide signage in large print necessary for Plaintiff to access Defendants [sic] goods and services" are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 545 (noting that the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (internal citations omitted). If Plaintiff is alleging that print other than on the disabled parking signage was inadequate, he must identify that print and explain why it does not comply with the ADA. Defendants' motion to dismiss Claims VII and VIII in the first cause of action is GRANTED WITH LEAVE TO AMEND.

**C.     Causes of Action under State Law**

Where all federal claims are dismissed in an action containing both federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Notrica v. Bd. of Supervisors of Cty. of San Diego*, 925 F.2d 1211, 1213-14 (9th Cir. 1991). As discussed above, this Court dismisses the first cause of action, the only federal claim in this lawsuit. Accordingly, this Court DECLINES to exercise supplemental jurisdiction over the third through seventh causes of action alleged against Defendants and will not address them at this time.

## VI. CONCLUSION AND ORDER

For the reasons stated above:

    1) Defendant's Motion to Dismiss the first cause of action for violation of civil rights pursuant to 42 U.S.C § 12182(a) *et seq.* (ECF No. 6) is GRANTED WITH LEAVE TO AMEND.

    2) The Court DECLINES to exercise supplemental jurisdiction over Plaintiff's state law claims.

Plaintiffs shall have twenty (20) days from electronic service of this Order to file an amended complaint or give notice that he will stand on the current pleading.

IT IS SO ORDERED.

    Dated: **November 21, 2016**           /s/ Lawrence J. O'Neill
                                               UNITED STATES CHIEF DISTRICT JUDGE